
FILED
2012 May-11  AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NORMAN L. ODOM,                           )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )    2:11-cv-03086-LSC
                                          )
ERIC H. HOLDER, JR., in his Official      )
Capacity as Attorney General of the       )
United States of America,                 )
                                          )
        Defendant.                        )

MEMORANDUM OF OPINION

I.      Introduction.

The Court has for consideration "Defendant's Motion for Partial Dismissal or,

Alternatively, for More Definite Statement." (Doc. 4.) Plaintiff Normon L. Odom

sued Eric H. Holder, Jr., the Attorney General of the United States, in his official

capacity, for: (1) conspiracy under 42 U.S.C. § 1985(3); (2) "deliberate indifference"

under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et

seq.*; (3) failure to "accept proper issues"; (4) violation of the Fifth Amendment under

42 U.S.C. § 1983; (5) "ongoing retaliation" under Title VII; and (6) a "continuing

violation" of Title VII. (Doc. 1.) The issues raised in Defendant's motion have been

fully briefed and are ripe for decision.  Upon full consideration and for the reasons stated herein, Defendant's motion for partial dismissal will be granted.

II.     Background.

Norman L. Odom ("Odom" or "Plaintiff") is a fifty-five year old Caucasian male.  Odom has been an employee of the Federal Bureau of Investigation ("FBI") for thirty-three years.  During the time period at issue, Odom worked as an Administrative Officer in the Birmingham, Alabama division.  In that role, Odom advised executive management on FBI policy.

Starting in 2007, Odom formed the opinion that EEO Coordinator/Counselor Lorenza Moore ("Moore") and FBI Special Agent in Charge Carmen Adams ("Adams") were depriving FBI employees of their Title VII rights.  Odom contends that he was retaliated against for participating in EEO meetings.  He alleges that Moore and Adams refused to follow EEO procedures, and he suffered threats and intimidation because of reports that he was planning to file an EEO complaint.  Odom maintains that when he did file an EEO complaint in January 2009, he was charged with knowingly providing false information under oath, obstruction, and engaging in conduct that dishonored, disgraced, or discredited the FBI.  Odom believes the charges against him are a result of his participation in activities protected by Title VII.

III.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be

granted. "The standard of review for a motion to dismiss is the same for the appellate

court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901

F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set

forth in the plaintiff's complaint 'are to be accepted as true and the court limits its

consideration to the pleadings and exhibits attached thereto.'"   *Grossman v.*

*Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long*

*County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn

in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir.

2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the

complaint "does not need detailed factual allegations;" however, the "plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do. Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007)(internal citations omitted).[1]  The plaintiff must plead "enough facts to state

a claim that is plausible on its face." *Id.* at 570.  Unless a plaintiff has "nudged [his]

claims across the line from conceivable to plausible," the complaint "must be

dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been

recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno,* 334 F.3d 991,

996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n.16

(11th Cir. 2001)).  And, "where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal,* --- U.S. ----,

129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Therefore, the U.S.

Supreme Court suggested that courts adopt a "two-pronged approach" when

considering motions to dismiss: "1) eliminate any allegations in the complaint that are

merely legal conclusions; and 2) where there are well-pleaded factual allegations,

---

[1]In *Bell Atlantic Corp. v. Twombly,* the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson,* 355 U.S. 41 (1957).  *Bell Atl. Corp.,* 550 U.S. at 560-63.  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

IV.   Discussion.

Defendant only filed for partial dismissal. Specifically, Defendant moved to dismiss Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985(3), as well as Counts II, III, and VI, to the extent they state a separate cause of action from Plaintiff's Title VII retaliation claim. In the course of briefing, Plaintiff concedes that his 42 U.S.C. § 1983 claim is due to be dismissed. (Doc. 6 at 1, 5.) Therefore, the Court turns to the remaining disputed issues.

A.      42 U.S.C. § 1985(3).

Plaintiff contends that Defendant violated 42 U.S.C. § 1985(3) ("§ 1985(3)")

when Moore and Adams allegedly conspired to deprive him of his Title VII rights.

However, Plaintiff does not cite any law opposing Defendant's contention that a

§ 1985(3) claim is unavailable in this case.  The U.S. Supreme Court has held that

"§ 1985(3) may not be invoked to redress violations of Title VII."  *Great Am. Fed.*

*Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).  Moreover, Plaintiff sued Eric

Holder in his official capacity.  A lawsuit against a government official in his official

capacity is effectively a lawsuit against the governmental entity, and the government

official is entitled to all the immunities available to the governmental entity.  *See, e.g.*,

*Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The United States has not consented to suit

under the civil rights statutes, which include § 1985.  *Unimex, Inc. v. U.S. Dept. of*

*Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979).[2]  Accordingly, Plaintiff's

§ 1985(3) claim must be dismissed.

B.      Counts II, III, and VI.

In Count II of the Complaint, Plaintiff alleges that Defendant is liable for

"deliberate indifference and failure to prevent violation of Title VII rights."  (Doc.

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit
handed down prior to close of business on September 30, 1981.

1 at 19.)  In Count III, Plaintiff contends that Defendant "failed to accept proper issues" for investigation of his employment claims. (*Id.* at 20.)  In Count VI, Plaintiff purports to state a claim for a "continuing violation of Title VII," despite a claim for "ongoing retaliation" in violation of Title VII in Count V.  (*Id.* at 23-24.)

Plaintiff does not dispute that Count II fails to state a separate cause of action. However, Plaintiff argues that Counts III and VI state a claim for a hostile work environment. (Doc. 6 at 5-8.)  In order to establish a hostile-work-environment claim, a plaintiff must show that he belongs to a protected group and the harassment was based on a characteristic protected by Title VII. *See, e.g.*, *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).  Plaintiff is a Caucasian male.  He has not alleged any facts in the Complaint to support a claim that he suffered harassment because of his race, sex, national origin, or religion.  Instead, all of the enumerated facts relate to purported retaliation for participating in EEO investigations and/or complaining about mistreatment of other FBI employees.  The Court agrees with Defendant that Counts II, III, and VI, as written, do not state viable causes of action separate from the Title VII retaliation claim in Count V.  Accordingly, Counts II, III, and VI will also be dismissed.

V.    Conclusion.

For the reasons outlined above, Defendant's motion to dismiss will be granted

in all respects.  A separate order will be entered.

Done this 11th day of May 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297